[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above matter the plaintiffs seek money damages from the defendant for negligent performance of a building contract.
The plaintiffs offered in evidence a written contract CT Page 10623 between the plaintiffs and defendant dated May 11, 1983, whereby the defendant offered to construct the shell of an addition to the plaintiffs' dwelling for the amount of $18,000. The work to be done was to construct a foundation for the addition, with framing, siding, roofing and insulation and exterior door and windows. The defendant commenced the work and on August 10, 1983, the plaintiffs executed a certificate of completion to the effect that all of the materials and services required to complete the contract had been installed and finished.
The plaintiffs offered the testimony of Alma Castro, a co-plaintiff. She testified that after the defendant completed his work she experienced water leaks in the upper part of the dwelling and in the basement thereof, and that she expended money to various other persons for repairs. The plaintiffs also offered the testimony of Egbert Jordan, a subcontractor of the defendant who testified that he installed a certain drain around the foundation.
The defendant offered the testimony of James W. Knight, a representative of the company that provided the financing for the defendant's work. He testified that he investigated a complaint made to his company by the plaintiffs. He also testified that he made an appointment with the defendant Alma Castro to inspect the premises, but that she refused to answer the door when he arrived. Upon finally obtaining entry to the dwelling, he was denied access to the room in which the said co-plaintiff claimed there were water stains. He further testified that this inspection showed no water in the basement. He also testified that he met with the defendant and said co-plaintiff on several occasions to address numerous minor complaints by the plaintiffs, but that said co-plaintiff would never agree to a final list.
The defendant also testified that he had done all or his work properly, and in accordance with the conditions of the building permit obtained. He further testified that he responded to all the complaints of the co-plaintiff.
Having heard all of the testimony of the aforesaid witnesses, and reviewed the exhibits offered, the court finds that the plaintiffs have failed to prove their allegation that the defendant negligently performed the work. Nor did the plaintiff offer any competent evidence as to the cost to correct any damage claimed by them. Johnson v. Healy,176 Conn. 97, 105.
While the foregoing requires that judgment enter for the CT Page 10624 defendant, the court likewise finds that the plaintiffs are not entitled to any relief under any prayer for relief in the complaint.
The first prayer asks for a declaratory judgment which is denied as the complaint sounds in contract for which money damages is the appropriate remedy.
The second prayer is more properly in the body of the complaint.
The third prayer asks for rescission which cannot be granted as the contract is fully performed.
The fourth prayer is for damages. As noted, supra, the plaintiffs have not proven their claim to such.
Judgment may enter for the defendant.
ROBERT P. BURNS, J.